

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**DAKARAI LARRIETT**,
Plaintiff,

v.

**MICHIGAN DEPARTMENT OF STATE POLICE, STATE TROOPER GEORGE MICHAEL KANYUH AND STATE TROOPER MATTHEW OKAIYE**
in their individual and official capacities,
jointly and severally,
Defendants.

Case No.:
Hon:

SIMMONS LEGAL DBA THE LAWCHIC
**SHAWNDRICA N. SIMMONS (P70608)**
Attorney for Plaintiff
77 Bagley St.
Pontiac MI 48341
(248) 732-7559 (o)
(248) 268-0168 (f)
SimmonsLegal@LawChic.com

## COMPLAINT & JURY TRIAL DEMAND

Plaintiff, Dakarai Larriett, by and through his attorney SHAWNDRICA N. SIMMONS, files this Complaint against the Michigan Department of State Police, State Trooper George Michael Kanyuh and State Trooper Matthew Okaiye (hereinafter "Defendants"), and states as follows:

### INTRODUCTION

1. This is a civil action seeking damages of over $10 MILLION against Defendant for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States, specifically the Fourth and



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

Fourteenth Amendments, as well as under federal and state statutes prohibiting racial discrimination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, particularly 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

3. Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within this district.

## PARTIES

4. Plaintiff, Dakarai Larriett, is a resident of the State of Alabama and a citizen of the United States.

5. Defendant, Michigan Department of State Police, is a state law enforcement agency operating under the laws of the State of Michigan.

6. Defendant State Trooper George Michael Kanyuh and State Trooper Matthew Okaiye were, at all relevant times, employed by the Michigan State Police and acting under color of state law. They are sued in both their individual and official capacities.

## FACTUAL ALLEGATIONS

7. On or about April 10, 2024, Plaintiff, a Black man, was driving his vehicle lawfully in Benton Harbor, Michigan (Berrien County).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

8. Plaintiff was pulled over by troopers of the Michigan State Police without any reasonable suspicion or probable cause to believe he had committed any traffic violation and/or crime. *(See Exhibit 1: Plaintiff's Affidavit)*

9. During the traffic stop, Plaintiff was treated with hostility and suspicion solely based on his race, in violation of his constitutional rights. *(See Exhibit 1: Plaintiff's Affidavit)*

10. Plaintiff was unlawfully detained and subsequently arrested without probable cause. *(See Exhibit 1: Plaintiff's Affidavit)*

11. Plaintiff was charged with operating under influence of controlled substance (OUID) which was later dropped due to lack of evidence and the unlawful nature of the stop and arrest.

12. The actions of the Michigan State Police troopers were part of a pattern and practice of racially discriminatory policing.

13. The actions of State Trooper George Michael Kanyuh and State Trooper Matthew Okaiye were of a pattern and practice of racially discriminatory policing.

14. The actions of State Trooper George Michael Kanyuh and State Trooper Matthew Okaiye were of a pattern and practice of planting drugs on innocent people.

15. Through a Freedom of Information Act request, Plaintiff has obtained video of the night in question (after affidavit drafted) and it is clear that in the footage, Trooper Kanyuh begins searching through the trunk of Defendant's car

at timestamp 3:25:00 AM. Then, at timestamp 3:26:49 AM Trooper Okaiye inquires, "Drugs?" Trooper Kanyuh replies, "I don't think I have any. Yeah you know I had a stash in here somewhere. I don't know where it's at." They then reluctantly decide to charge Plaintiff only with "weed and alcohol," as stated by Kanyuh.

16. It is clear that the troopers were planning to plant drugs in Plaintiff's vehicle and implicate him in a drug crime as they also attempted to at the jail.

17. Plaintiff had neither weed nor alcohol.

18. Plaintiff was not on drugs nor intoxicated.

19. Plaintiff did not violate any traffic laws.

20. Plaintiff was Black, driving an expensive car, with another Black man as a passenger at night and as a result was targeted.

21. Further, Trooper George Michael Kanyuh is not shy about his bias and prejudices against gay people and Black people. A simple gander at his social media that was still up as of this writing is indicative of that. *(See Exhibit 2: State Trooper George Michael Kanyuh's Social Media Posts)*

22. Lastly, Plaintiff has formally requested that any of his identifying information associated with this unlawful arrest be scrubbed from any and all databases and his request was denied by the Office of Attorney General and they cited no case

law or statute to support such a position; but attempted via their inept Assistant Attorney General Scott Dimich to just blow smoke[1] about the matter.

23. Plaintiff was simply driving while Black and gay and now his personal information is still in the system unlawfully and unethically.

## COUNT I – VIOLATION OF FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff realleges and incorporates by reference all preceding paragraphs.

25. Defendant, through its officers, acted under color of state law and deprived Plaintiff of his right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

26. Defendants further violated Plaintiff's right to equal protection under the law, as guaranteed by the Fourteenth Amendment, by targeting him based on his race and sexual orientation.

27. Defendants' actions were intentional, malicious, and undertaken with reckless disregard for Plaintiff's rights.

28. As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional distress, mental anguish, loss of liberty, and other damages.

## COUNT II – VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION RIGHTS UNDER 42 U.S.C. § 1983

---

[1] The phrase to blow smoke means to try to mislead or threaten someone by giving false or exaggerated information. https://languages.oup.com/google-dictionary-en/ Visited 30 September 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

29. Plaintiff realleges and incorporates by reference all preceding paragraphs.

30. Defendant, through its officers, acted under color of state law and deprived Plaintiff of his right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution, by unlawfully targeting him based on his race.

31. Defendants intentionally discriminated against Plaintiff based on his race sexual orientation and subjecting him to unequal treatment under the law in violation of the Equal Protection Clause of the Fourteenth Amendment.

32. Defendants' discriminatory actions were evidenced by their pretextual traffic stop, wrongful arrest, and discussion of fabricating evidence against Plaintiff.

33. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered damages, including emotional distress and humiliation.

**COUNT III – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1981**

34. Plaintiff realleges and incorporates by reference all preceding paragraphs.

35. Defendant's actions violated Plaintiff's right to be free from racial discrimination in the making and enforcement of contracts, as protected by 42 U.S.C. § 1981.

36. Defendants intentionally discriminated against Plaintiff based on his race and sexual orientation, subjecting him to unequal treatment under the law in violation of the Civil Rights Act under 42 U.S.C. § 1981.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

37. Defendants' discriminatory actions were evidenced by their pretextual traffic stop, wrongful arrest, and discussion of fabricating evidence against Plaintiff.

38. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered damages, including emotional distress and humiliation.

### COUNT IV: MALICIOUS PROSECUTION

39. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

40. Defendants attempted to initiate and continue a criminal prosecution against Plaintiff without probable cause, intending to maliciously charge Plaintiff with drug-related offenses.

41. Although Defendants ultimately did not plant evidence, their intent to do so and their false accusations caused Plaintiff significant harm.

42. Defendants' conduct constitutes malicious prosecution under Michigan law.

### COUNT V: FALSE ARREST AND IMPRISONMENT

43. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

44. Defendants intentionally confined Plaintiff without lawful justification, leading to his wrongful arrest and detention.

45. Defendants lacked probable cause to arrest Plaintiff, as there was no basis for the accusations of intoxication or drug use.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

46. As a result of Defendants' actions, Plaintiff was unlawfully detained, deprived of his liberty, and subjected to humiliation and emotional distress.

**COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

47. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

48. Defendants' conduct in falsely arresting Plaintiff, plotting to plant drugs on him, and targeting him based on his race and sexual orientation was extreme, outrageous, and beyond the bounds of decency.

49. Defendants intentionally or recklessly caused Plaintiff severe emotional distress.

50. As a result of Defendants' conduct, Plaintiff suffered anxiety, depression, fear, and other emotional injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment against Defendants and in favor of Plaintiff;

B. Award Plaintiff compensatory damages in an amount to be determined at trial;

C. Award Plaintiff punitive damages in an amount to be determined at trial;

D. Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

E. Grant Plaintiff such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

Dated: October 1, 2024  Respectfully Submitted,
*/s/ Shawndrica N. Simmons*
Simmons Legal dba the LawChic
Attorney for Plaintiff
77 Bagley St.
Pontiac MI 48341
(248) 732-7559 (o)
(248) 268-0168 (f)
SimmonsLegal@LawChic.com
P70608

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: October 1, 2024  Respectfully Submitted,
*/s/ Shawndrica N. Simmons*
Simmons Legal dba the LawChic
Attorney for Plaintiff
77 Bagley St.
Pontiac MI 48341
(248) 732-7559 (o)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

(248) 268-0168 (f)
SimmonsLegal@LawChic.com
P70608